| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------X<br>ANDREY KHALILOV and EKATERINA SUPRUN, on<br>behalf of themselves and all others similarly situated,<br><br>                                  Plaintiffs,<br><br>      -against-<br><br><br>WISE ESPRESSO BAR CORP., d/b/a<br>WISE ESPRESSO BAR, DIANA SULEYMANOVA,<br>and RASUL IGAMBERDIEV,<br><br>                                  Defendants.<br>------------------------------------------------------------------------X | Case No.: 17-CV-2488<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE<br>ACTION AND RULE 23<br>CLASS ACTION**<br><br>**Jury Trial Demanded** |

Plaintiffs ANDREY KHALILOV ("Plaintiff Khalilov") and EKATERINA SUPRUN ("Plaintiff Suprun")(collectively, "Plaintiffs"), by and through their attorneys, THE SELTZER LAW GROUP P.C., on behalf of themselves and all others similarly situated, bring this Complaint against Defendants WISE ESPRESSO BAR CORP., d/b/a WISE ESPRESSO BAR ("Defendant Wise"), DIANA SULEYMANOVA ("Defendant Suleymanova") and RASUL IGAMBERDIEV ("Defendant Igamberdiev")(collectively, "Defendants") as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the Fair Labor Standards Act of 1938, as amended. 29 U.S.C § 201 *et seq.* ("FLSA"). Plaintiffs seek, for themselves and other similarly situated employees, unpaid minimum wage, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C §§ 216(b) and 217, and other applicable federal law.

2. Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the New York State Labor Law, including NYLL §§ 190 *et seq.*, §§ 650 *et seq.* ("NYLL") and 12 NYCRR §142-2.2. Plaintiffs seek, for themselves and all other similarly situated employees, unpaid minimum wage, unpaid overtime wages, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and

other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## **JURISDICTION AND VENUE**

3. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367(a) for the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## **PARTIES**

6. Plaintiff ANDREY KHALILOV ("Plaintiff Khalilov") is a natural person residing in the State of New York, Kings County.

7. Plaintiff Khalilov was employed by the Defendants as a server from approximately April 25, 2016 until approximately December 27, 2016.

8. At all relevant times, Plaintiff Khalilov was an "employee" within the meaning of all applicable statutes.

9. Plaintiff EKATERINA SUPRUN ("Plaintiff Suprun") is a natural person residing in the State of New York, Kings County.

10. Plaintiff Suprun was employed by the Defendants as a server from approximately April 15, 2016 until approximately December 27, 2016.

11. At all relevant times, Plaintiff Suprun was an "employee" within the meaning of all applicable statutes.

12. Plaintiffs' written consents to sue are attached hereto as **Exhibit A**.

13. Defendant WISE ESPRESSO BAR CORP., d/b/a WISE ESPRESSO BAR ("Defendant Wise") is a domestic corporation licensed to do business in the State of New York, with its principal place of business at 3120 Coney Island Avenue, Brooklyn, NY 11235.

14. Defendant DIANA SULEYMANOVA ("Defendant Suleymanova") is the principal and/or operator of Defendant Wise.
15. At all relevant times, Defendant Suleymanova has and had exercised the power to hire, fire, establish the work hours and schedule and control the wages and working conditions of the Plaintiffs.
16. Defendant RASUL IGAMBERDIEV ("Defendant Igamberdiev") is a manager and/or operator of Defendant Wise.
17. At all relevant times, Defendant Igamberdiev has and had exercised the power to hire, fire, establish the work hours and schedule and control the wages and working conditions of the Plaintiffs.
18. At all relevant times, Defendants' gross annual income exceeds $500,000.00.
19. At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL.
20. At all relevant times, Defendants have employed "employee[s]," including Plaintiffs, each of the FLSA Collective Plaintiffs and the Class Members.

## **FACTUAL ALLEGATIONS**

21. Defendants operate an espresso bar/restaurant.
22. At all relevant times, Defendants employed Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members as servers.
23. Defendants generally scheduled Plaintiffs to work—and Plaintiffs generally worked—five days a week.
24. Defendants generally scheduled Plaintiffs to work—and Plaintiffs generally worked—no less than twelve to fourteen hours a day.
25. Defendants assigned Plaintiffs to work—and Plaintiffs generally worked—over 40 hours per work week.
26. Upon hiring, Defendants told Plaintiffs that they would be paid exclusively and entirely from customer tips and that the Defendants would not pay Plaintiffs any wages or amounts for any of the hours that Plaintiffs worked.

3

27. On occasions when Defendants issued checks to Plaintiffs for their compensation, the Defendants would take for themselves, the amount indicated on each check from the Plaintiffs' tips.
28. On every night that the Plaintiffs worked, the Defendants would take 8.875 percent from the Plaintiffs' tips to pay for the Defendants' credit card processing fees and/or sales tax obligations.
29. Defendants also required each of the Plaintiffs to pay the manager $100.00 for each day worked from their tips.
30. By failing to pay Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members any wages whatsoever, Defendants failed to pay Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members in accordance with the Federal and the New York State minimum wages.
31. Defendants were not entitled to take any tip credits under the NYLL, because they failed to provide notice to all tipped employees that the Defendants were taking a tip credit in violation of the NYLL.
32. Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members did not receive compliant tip credit notice.
33. Defendants knowingly and willfully operated their business with a policy of not paying the Federal and the New York State minimum wage to Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members by failing to pay Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members any wages whatsoever and the invalid tip-credit that Defendants claimed.
34. Defendants knowingly and willfully operated their business with a policy of not paying the Federal and the New York State overtime rates of pay to Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members by failing to pay Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members any wages whatsoever.
35. Defendants did not pay Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members an hourly minimum wage rate of pay for all hours worked.
36. Defendants did not pay Plaintiffs and the FLSA Collective Plaintiffs an overtime premium for all hours worked in excess of 40 hours per work week as required by the FLSA.

37. Defendants failed to provide Plaintiffs and the Class Members with compliant notices required by NYLL § 195(1).
38. Defendants failed to provide Plaintiffs and the Class Members with compliant notices required by NYCRR § 146-2.2.
39. Defendants failed to pay Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members the required overtime premiums of one and one half times their regular hourly rates of pay for all of the hours they worked in excess of 40 hours per week.
40. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid minimum wages and overtime wages for all hours worked.
41. Defendants knew that the nonpayment of minimum wages and overtime wages would economically injure Plaintiffs, the FLSA Collective Plaintiffs and the Class Members, and violated the FLSA and the NYLL.
42. Defendants committed the forgoing acts knowingly, intentionally and willfully against Plaintiffs, the FLSA Collective Plaintiffs and the Class Members.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

43. Plaintiffs bring this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all other similarly situated persons who were employed by the Defendants at any time as an employee that received compensation from customer, including but not limited to, servers, bussers, bartenders and bar-backs, during the three years prior to the filing of the original Complaint in this case as defined herein.
44. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs."
45. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have similarly situated, have had substantial similar job requirements, job duties and pay provisions, and are and have been subject to the Defendants' decisions, policy, plan, practices, procedure, routine and rules to willfully fail and refuse to pay them the legally required minimum wage for all hours worked per workweek and overtime wages for hours worked in excess of forty (40) per workweek. The claims of the Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

46. During the three years prior to the filing of this Complaint, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective Plaintiffs, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.
47. Other employees that were paid from customer tips, including but not limited to, servers, bussers, bartenders and bar-backs should have the opportunity to have their claims for violations of the FLSA heard for claims that arose during the three years prior to the filing of the original Complaint. Certifying this action as a collective action under the FLSA will provide other non-exempt employees, including but not limited to, servers, bussers, bartenders and bar-backs for the claims that arose during the three years prior to the filing of the original Complaint to receive notice of the action and allow them to opt in to such an action if they so choose.
48. The claims for relief asserted herein are properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA. The FLSA Collective Plaintiffs are readily ascertainable and Defendants should be required to provide Plaintiffs with a lists of all persons employed by the Defendants during the three years prior to the filing of this Complaint along with their last known addresses, telephone numbers and e-mail addresses, so that the Plaintiffs can provide the FLSA Collective Plaintiffs notice of this action and an opportunity to make an informed decision about whether to participate in it.

## **RULE 23 CLASS ACTION ALLEGATIONS**

49. Plaintiffs bring their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all other similarly situated persons who were employed by the Defendants at any time as an employee that received compensation from customer, including but not limited to, servers, bussers, bartenders and bar-backs, during the three years prior to the filing of this Complaint, who: (i) were not paid the prevailing minimum wage for all hours worked; (ii) were not paid proper overtime wages for all hours worked in excess of forty (40) hours in any workweek; (iii) were unlawfully denied tips and gratuities; and (iv) were not paid the lawful spread-of-hours pay.
50. All said persons, including Plaintiffs, are referred to herein as the "Class Members."
51. At all relevant times, Plaintiffs and the Class Members are and have similarly situated, have had substantial similar job requirements, job duties and pay provisions, and are and

have been subject to the Defendants' decisions, policy, plan, practices, procedure, routine and rules to willfully fail and refuse to pay them the legally required minimum wage for all hours worked per workweek and overtime wages for hours worked in excess of forty (40) per workweek. The claims of the Plaintiffs herein are essentially the same as those of the Class Members.

52. During the three years prior to the filing of this Complaint, Defendants were fully aware of the duties performed by Plaintiffs and the Class Members, and that those duties were not exempt from the minimum wage and overtime provisions of the NYLL.

53. As a result of Defendants' willful and intentional violations of the NYLL, Defendants are liable to the Plaintiffs and the Class Members the full amount of their unpaid minimum wages, unpaid overtime wages, the tips or gratuities retained by the Defendants and the spread-of-hours pay owed.

54. Certification of the NYLL claims as a class action is the most efficient, judicious and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the Class Members. Plaintiffs have standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on the Class Members. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

55. The claims for relief asserted herein are properly brought under and maintained as a class action pursuant to Fed. R. Civ. P. 23. The Class Members are readily ascertainable and Defendants should be required to provide Plaintiffs with a lists of all persons employed by the Defendants during the six years prior to the filing of this Complaint along with their last known addresses, telephone numbers and e-mail addresses, so that the Plaintiffs can provide the Class Members notice of this action and an opportunity to make an informed decision about whether to participate in it.

### FIRST CLAIM FOR RELIEF
**(Failure to Pay Minimum Wage and Overtime Wages - FLSA)**

56. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

57. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiffs and the FLSA Collective Plaintiffs were not exempt from this requirement.

58. It is unlawful under the FLSA for an employer to suffer or permit a non-exempt employee to work without paying minimum wage or overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

59. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per work week.

60. Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the minimum wage and the required overtime rates for hours worked in excess of forty (40) hours per workweek.

61. As a result of their failure to pay Plaintiffs and the FLSA Collective Plaintiffs the prevailing minimum wage and overtime premiums for all hours worked in the excess of forty (40) hours in any workweek, Defendants violated the FLSA.

62. Defendants' violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective Plaintiffs and entitled them to recover damages in the amount of their respective unpaid minimum wage, overtime compensation, liquidated damages as provided by the FLSA, and attorneys' fees, costs and interests.

63. Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six year NYLL statute of limitations period.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage and Overtime Wages - NYLL)

64. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

65. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiffs and the Class Members are not exempt from this requirement.

66. It is unlawful under the NYLL for an employer to suffer or permit a non-exempt employee to work without paying the minimum wage or overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

67. Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members the minimum wage and the required overtime rates for hours worked in excess of forty (40) hours per workweek.

68. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

69. Defendants' violations of the NYLL have significantly damaged Plaintiffs and the Class Members and entitled them to recover damages in the amount of their respective unpaid minimum wage, overtime compensation, liquidated damages as provided by the NYLL, and attorneys' fees, costs and interests.

**THIRD CLAIM FOR RELIEF**
**(Wage Statement Violations - NYLL § 195)**

70. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

71. Defendants failed to supply Plaintiffs and the Class Members with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages: name of employee; name of employer; address and phone number or employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of minimum wage, and net wages.

72. Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants $250 dollars for each workday that the violations occurred or a total of $5,000, as provided for by NYLL § 195(3), as well as attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**(Notice and Recordkeeping Requirements Violations - NYLL § 195)**

73. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

74. Defendants failed to provide Plaintiffs with a written notice of their rates of pay, regular pay day and such other information as required by NYLL § 195(1).
75. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (NYLL Spread of Hours Pay Violations)

76. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.
77. Plaintiffs and the Class Members regularly worked more than 10 hours in a workday.
78. At all relevant times, Defendants willfully and intentionally failed to compensate Plaintiffs and the Class Members for one hour's pay at the basic New York minimum hourly wage rate for each day that they worked in excess of 10 hours, as required by NYLL.
79. By virtue of Defendants' failure to pay Plaintiffs and the Class Members spread-of-hours pay, Defendants violated the NYLL and the supporting New York State Department of Labor regulations.
80. Due to Defendants' NYLL violations, Plaintiffs and the Class Members are entitled to recover damages in the amount of their respective unpaid spread-of-hours pay as well as attorneys' fees, costs, and interests.

## SIXTH CLAIM FOR RELIEF
### (Unlawful Deductions from Tips in Violation of the NYLL)

81. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.
82. At all relevant times, Defendants were Plaintiffs' employers within the meaning of NYLL §§ 2 and 651.
83. NYLL § 196-d prohibits any employer or its agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.
84. Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

85. Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violation of the NYLL and supporting Department of Labor Regulations.
86. Plaintiffs have been damaged in an amount to be determined at trial.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a trial by jury on all issues of fact and damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs and the Class Members, respectfully request that this Court:

(a) Declare this action as a collective action on behalf of the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216; and direct Defendants to provide Plaintiffs with a list of the names of all similarly situated members of the FLSA opt-in class, including their respective last known addresses, telephone numbers and e-mail addresses so that the Plaintiffs can provide such members notice of this action and an opportunity to make an informed decision about whether to participate in it;

(b) Declare this action as a class action pursuant to Fed. R. Civ. P. 23, and direct the Defendants to provide Plaintiffs with a list of the names of all similarly situated class members, including their respective last known addresses, telephone numbers and e-mail addresses so that the Plaintiffs can provide such members notice of this action and an opportunity to make an informed decision about whether to participate in it;

(c) Designate the named Plaintiffs as representatives of the FLSA Collective Plaintiffs and the Class Members;

(d) Award Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members damages plus pre-judgment and post-judgment interest, as provided by law against the Defendants for their violations of the FLSA and NYLL;

(e) Award Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members an additional amount as liquidated damages pursuant to the FLSA and NYLL to be paid by the Defendants;

(f) Award Plaintiffs, the FLSA Collective Plaintiffs and the Class Members their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any expert fees pursuant to 29 U.S.C. § 216, NYLL §§ 663, 198 and other applicable statutes;

(g) Grant Plaintiffs, the FLSA Collective Plaintiffs and the Class Members such other and further legal and equitable relief that the Court deems necessary, just and proper.

Dated: New York, New York
April 21, 2017

Respectfully Submitted,

THE SELTZER LAW GROUP P.C.
*Attorney for Plaintiffs*

_____/s/_____
Steven Seltzer
125 Maiden Lane, Suite 507
New York, New York 10038
T: 646-863-1909
F: 646-863-1877